IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 10-0322-KD-M |
| WILLIAM EDWARDS, LULA EDWARDS, WINSTON LEE EDWARDS, JR., WILLIE EVANS, JR., and the UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the United States' motion for judgment on the pleadings and memorandum in support (docs. 14, 15) and the response filed by plaintiff Mortgage Electronic Registration Systems (MERS) (doc. 19). Upon consideration and for the reasons set forth herein, the motion is **GRANTED** and this action is **remanded** to the Circuit Court of Hale County, Alabama.

Factual background

MERS is the assignee of a mortgage on real property executed by William and Lula Edwards in April 2007. The Edwards had purchased the property from persons identified in the series of deeds as "Winston Lee III and Willie L. Evans." MERS now brings this action for reformation of a deed to correct the names of the grantees/grantors who are identified in the complaint as Winston Lee Edwards, III and Willie Evans, Jr. (Count I), for quiet title to determine that the Edwards are vested with a 00% undivided fee simple interest in the real property and that MERS has a valid mortgage on the real property (Count II), and for a declaratory judgment that the manufactured home thereon is permanently affixed and thus real property, and not personal

1

property (Count III).

In 2003, before the Edwards' executed their mortgage, the United States filed a Notice of Federal Tax Lien against Willie L. Evans. In the complaint at paragraph 26, MERS states that its interest in the real property is subject to this tax lien recorded in Judgment Book 16, Page 803, in the Office of the Judge of Probate, Hale County, Alabama (doc. 1-1, p. 6, ¶ 26). In the first amended complaint, MERS states as fact that the defendant United States holds a federal tax lien against the real property (doc. 2, p. 1); (doc. 3-1, Exhibit G, copy of lien).

The United States filed its motion for judgment on the pleadings seeking a judgment that its federal tax lien against Willie L. Evans has priority over MERS and the other defendants as to Evans' undivided one-half interest in the property. MERS responded to the motion and stated that it does not object to a judgment that the federal tax lien has priority over MERS mortgage as to Willie L. Evans' one-half interest in the property. The other defendants did not respond.

Statement of the law

Rule 12(c) of the Federal Rules of Civil Procedure addresses motions for judgment on the pleadings and states that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Jiles v. United Parcel Service, Inc., 2011 WL 353230, 1 (11th Cir. 2011) (slip copy) (quoting Cunningham v. District Attorney's Office for Escambia County., 592 F.3d 1237, 1255 (11th Cir. 2010) (quotations and citation omitted); Jones v. Nordictrack, Inc., 236 F.3d 658, 660 (11th Cir. 2000)(citation omitted) ("Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law."). The Court must "accept the facts presented in the complaint as true and view them in the light most favorable

to the nonmovant." Jiles, 2011 WL 353230 at *1 (citation omitted).

### Priority of the federal tax lien

Pursuant to 26 U.S.C. § 6321, the federal tax lien attaches to all of the tax debtor's property and right to property, real and personal, upon assessment of the tax. See United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985).

### Jurisdiction

Federal question jurisdiction exists because this action involves a determination of the effect of a state law lien in relation to a provision of federal law for collection of debts owed to the United States. United States v. Security Trust Savings Bank of San Diego, 340 U.S. 47, 49 (1950). Also, a state's classification of a lien as specific and perfected is subject to a redetermination by the Federal court. Id. at 49-50; United States v. City of New Britain, Conn., 347 U.S. 81, 84 (1954).

### Analysis

The United States moves for judgment on the pleadings that the federal tax lien against Willie L. Evans primes the interests of MERS and the other defendants in regard to the one-half interest of Willie L. Evans. The United States also argues that with resolution of the priority of its federal tax lien, this action could be remanded to the state court for determination of MERS claims against the other defendants.

The United States also argues that MERS and the Edwards' claims are based on deeds from persons other than "Willie L. Evans", and therefore, their claims are "outside the chain of title" and cannot prevail over the federal tax lien. The United States argues that because their identities were not clear on the record when the Notice of Federal Tax Lien was recorded, MERS and the Edwards' claims are not choate, and cannot prevail against the federal tax lien. The United States also argues that MERS filed its mortgage after the federal tax lien attached and that MERS will not have an interest in the property unless the deed is reformed and thus it is not protected against the Notice of

Federal Tax Lien.

MERS responds that "it does not object to a judgment that the IRS lien takes priority over [MERS] Mortgage as to Willie L. Evans' one-half interest in the Property that is the subject of this Action." (doc. 19).

Upon consideration of the foregoing, the undersigned finds that the federal tax lien recorded in Judgment Book 16, Page 803, in the Office of the Judge of Probate, Hale County, Alabama has attached to the real property at issue. Therefore, the United States' federal tax lien primes the interests of MERS and the other defendants as to the one-half interest of Willie L. Evans in the following real property located at 76 Saffron Road, Greensboro, in Hale County, Alabama and more particularity described as follows:

> A parcel of land situated in the South 1/2 of the Northwest Quarter of Section 36, Township 21 North, Range 4 East, and being more particularly described as follows:
>
> Commencing at an iron pin found which marks the accepted center of said section, proceed in a northerly direction on an astronomic bearing of N 1° 20' 35" W 659.50 feet to an iron pin found capped; thence S 88° 56' 30" W 776.10 feet to an iron pin found capped; thence S 88° 44' 14" W 188.00 feet to an iron pin set capped which is the POINT OF BEGINNING of the herein described parcel; thence continue S 88° 44' 14" W 305.44 feet to an iron pin set capped; thence N 6° 42' 44" E 55.57 feet to an iron pin set capped at a corner fence post; thence N 35° 01' 39" E and with an old fence 203.16 feet to an iron pin set capped; thence N 11° 10' 53" E and with said fence 79.56 feet to a post; thence N 18° 26' 37" E along said fence line 41.42 feet to a fence corner post on the Westerly line of the Winston Lee III parcel; thence S 88° 35' 32" E 114.11 feet to an iron pin set capped; thence N 88° 55' 21" E along said west line 113.36 feet to an iron pin set capped; thence S 12° 31' 59" W 339.58 feet to the POINT OF BEGINNING AND ENDING.
>
> The real property above includes One (1) 2006 Champion, Model AC 484, Serial Number TEN 668614 & TEN 668615.
>
> It is understood and agreed between the Grantors and the Beneficiary that the manufactured home herein above described is permanently attached on the herein above described real property.

which is the property described in the deed recorded at Deed Book 119, page 527, Office of the Judge of Probate of Hale County, Alabama; the deed recorded at Deed Book A147, page 545,

4

Office of the Judge of Probate of Hale County, Alabama; and the mortgage recorded at Book 350, Page 413, Office of the Judge of Probate of Hale County, Alabama.

Conclusion

Accordingly, it is ORDERED that defendant's motion for judgment on the pleadings is GRANTED.

Remand

This action was removed on basis of federal question jurisdiction. See 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). The federal question having been resolved, the Court finds that the remaining issues are "otherwise non-removable claims or causes of action", and therefore, this action is REMANDED to the Circuit Court of Hale County, Alabama. See 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.").

A separate final judgment shall be issued in accordance with this Order.

The Clerk of the Court is directed to mail a copy of this order to:

Winston Lee Edwards, III
Lot 14
1458 Memorial Drive
Prattville, Alabama 36067-6347

Willie Evans, Jr.
1931 Short Blunt Street
Greensboro, Alabama 36744


**DONE** and **ORDERED** this 23rd day of March, 2011.

                                         s / Kristi K DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**